**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**LISA M. OSTUNI,**

      **Plaintiff,**

**v.**         Case No. 8:05-cv-483-T-TBM

**JO ANNE B. BARNHART,**
**Commissioner of the United States**
**Social Security Administration,**

      **Defendant.**
_____/

**O R D E R**

THIS MATTER is before the court on Plaintiff's **Motion for Attorney's Fees and Costs Pursuant to 28 U.S.C. Section 2412(d)** (Doc. 15). The Defendant has filed a response in opposition challenging the number of hours claimed (Doc. 18). Upon review of the pleadings, it is ordered that Plaintiff is awarded $3,608.75 in attorney's fees and $275.00 in costs.[1] This amount is to be paid by the Commissioner of the Social Security Administration pursuant to the Equal Access to Justice Act (hereinafter "EAJA"), 28 U.S.C. § 2412(d).

I.

Plaintiff filed an application for Social Security disability benefits, which was denied initially and upon reconsideration. The ALJ conducted a hearing and denied Plaintiff benefits, and the Appeals Council denied review. Subsequently, the Plaintiff filed this action seeking judicial review. After Plaintiff filed her Memorandum in opposition to the Commissioner's decision (Doc. 9), the Commissioner file a Motion for Entry of Judgment

_____

[1] Plaintiff requests reimbursement of the $250.00 filing fee and the $25.00 fee for service of process on the U.S. Attorney.

with Remand (Doc. 12).  On September 13, 2005, this court entered Judgment for the Plaintiff, reversing the Commissioner's decision.  (Doc. 14).

II.

The EAJA requires a court to award attorney's fees and costs to any party prevailing in litigation against the United States including proceedings for judicial review of agency action, unless the court determines that the position of the United States was substantially justified or that special circumstances exist that make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  Three conditions must be established before an award under the EAJA is appropriate: (1) the claimant must file a timely application for fees; (2) the claimant must qualify as the prevailing party; and (3) the government's positions must not be "substantially justified," and no other special circumstances exist to make an award unjust.  Myers v. Sullivan, 916 F.2d 659, 666 (11th Cir. 1990).

An award under the EAJA is appropriate in this case.  First, judgment in this case is final and Plaintiff's motion for fees is ripe for consideration.[2]  Next, in a Social Security action, a party who wins a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is considered a prevailing party for purposes of 28 U.S.C. § 2412(d)(1)(A).  Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993).  Because this court remanded Plaintiff's case pursuant to sentence four of 42 U.S.C. § 405(g), Plaintiff, under Schaefer, is the prevailing party.  Finally,

---

[2]The first requirement, that the fee application be filed within thirty days of the final judgment, is jurisdictional in nature.  See 23 U.S.C. § 2412(d)(1)(B); Myers, 916 F.2d at 666 (citing Haitian Refugee Ctr. v. Meese, 791 F.2d 1489, 1494 (11th Cir.), vacated in part on other grounds on reh'g, 804 F.2d 1573 (11th Cir. 1986).  A "final judgment" is one that is no longer appealable.  See 28 U.S.C. § 2412(d)(2)(G); Melkonyan v. Sullivan, 501 U.S. 89 (1991).  Since a judgment is no longer appealable sixty days after entry of judgment in Social Security actions, a plaintiff has ninety days from the date of entry of judgment in which to file for EAJA fees.  See Fed. R. App. P. 4(a); Myers, 916 F.2d at 672.

upon consideration, the Commissioner's position was not substantially justified in this case, and counsel for the Commissioner does not suggest otherwise. Therefore, an award of fees under EAJA is proper.

In awarding attorney's fees, the primary factors to consider are the time expended and the hourly rate. <u>Andrews v. United States</u>, 122 F.3d 1367, 1375 (11th Cir. 1997) ("The starting point for determining a reasonable fee award is multiplying the number of attorney hours reasonably expended by a reasonable hourly rate."). Here, Plaintiff seeks a fee of $4,936.77 based on 34.20 hours of work by Marjorie A. Schmoyer, Esq., at a rate of $144.35 per hour. Defendant objects to the number of hours billed for drafting and revising the Plaintiff's memorandum. Defendant argues that the 32.60 hours that Ms. Schmoyer billed for preparing the Memorandum were not reasonably expended because Plaintiff's presentation of the alleged errors did not set forth novel issues of law or complex facts, the majority of the Memorandum was not devoted to argument, and Ms. Schmoyer is highly experienced in Social Security disability litigation. In the Defendant's view, fifteen hours represents a reasonable amount of time for an attorney of Ms. Schomyer's experience to have expended in preparing her Memorandum. In the alternative, Defendant argues that the hourly rate of compensation should be reduced by one-half to reflect the slow pace at which counsel worked in relation to her peers. Plaintiff's counsel replies that the hours claimed are justified on the basis of the length of the transcript and the number of issues involved.

Upon review of Plaintiff's memorandum (Doc. 9), the court finds that the hours claimed by Plaintiff's counsel for drafting and editing the pleading are excessive. Plaintiff's Memorandum is twenty-four pages in length (excluding the table of contents and table of citations) and approximately twelve pages are devoted to a recitation of the administrative proceedings and the medical evidence; roughly eleven pages are devoted to legal argument in

support of Plaintiff's claims.  While the transcript in this case is somewhat lengthy, approximately 396 pages, counsel reports only 3.30 hours at most in reviewing the transcript.  In consideration of counsel's experience in handling cases such as this and given the rather routine nature of the eight claims, the itemized hours are excessive.  Proper billing judgment would prevent counsel from billing all these hours to her client, and the court finds them inappropriate for billing to the Commissioner.  See Norman, 836 F.2d at 1301 ("[T]he Supreme Court requires fee applicants to exercise 'billing judgment.' . . . This must necessarily mean that the hours excluded are those that would be unreasonable to bill a client and therefore to one's adversary.") (citing Hensley, 461 U.S. at 434).  The court concludes that Ms. Schmoyer's total of 34.20 hours should be reduced to 25 hours.

The hourly rate sought by Plaintiff is within the accepted range in this market and is deemed reasonable.  The claim for costs is reasonable and is sustained.[3]

Accordingly, it is ORDERED that Plaintiff's **Motion for Attorney's Fees and Costs Pursuant to 28 U.S.C. Section 2412(d)** (Doc. 15) is **GRANTED** to the extent set forth herein.  Plaintiff's counsel is awarded attorney's fees in the amount of $3,608.75 and costs in the amount of $275.00.

**Done and Ordered** at Tampa, Florida, this 3rd day of February 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record

---

[3]Defendant does not object to the hourly rate sought or to the amount of costs claimed.